**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4690**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BEN EARL-JUNIOR JOHNSON, a/k/a Ben Earl Johnson, Jr., a/k/a Ben Earl Johnson, Sr.,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00112-CCE-1)

―――――――――

Submitted:  October 22, 2024                              Decided:  October 24, 2024

―――――――――

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ben Earl-Junior Johnson appeals his conviction and the 97-month sentence imposed following his guilty plea to creating a fictitious instrument, in violation of 18 U.S.C. § 514(a)(2). On appeal, Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of Johnson's guilty plea and the reasonableness of his sentence. Although notified of his right to file a supplemental pro se brief, Johnson has not done so. The Government now moves to dismiss the appeal as barred by the appeal waiver included in Johnson's plea agreement, pursuant to which Johnson waived the right to appeal his conviction and sentence on any ground. For the reasons that follow, we affirm Johnson's conviction, vacate his sentence, and remand for resentencing.

We review the validity of Johnson's appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agrees to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

2

Our review of the record confirms that Johnson knowingly and intelligently executed the appeal waiver. We therefore conclude that the waiver is valid and covers all waivable challenges to Johnson's conviction.

However, Johnson's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994); *see also United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that defendant's valid appeal waiver did not preclude claim that plea lacked sufficient factual basis). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Johnson did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Based on our review of the record, we conclude that Johnson's guilty plea was knowing, voluntary, and supported by an independent basis in fact. Accordingly, we affirm Johnson's conviction.

Next, we consider Johnson's sentence, which we review "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "[I]n order to

3

sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)). The failure to do so requires vacatur of the entire sentence. *Id.* at 346. Moreover, a valid appeal waiver does not preclude a defendant from bringing such a claim. *Id.* at 345.

Our review of the record reveals that the district court's written judgment contains a discretionary supervised release condition—requiring Johnson to submit to warrantless searches if supported by reasonable suspicion—that was not announced at the sentencing hearing. Under *Singletary*, we must vacate Johnson's sentence and remand for resentencing.[*]

In accordance with *Anders*, we have reviewed the record as it pertains to Johnson's conviction and have found no meritorious grounds for appeal. Accordingly, we grant the Government's motion in part, dismiss as to all waivable challenges to Johnson's conviction, and affirm the conviction. In addition, we vacate Johnson's sentence and remand for resentencing.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a

---

[*] The Government also moves to dismiss the appeal based on Johnson's failure to self-report to prison. Because Johnson was subsequently captured while this appeal was pending, we exercise our discretion to deny the motion and reach the merits of the appeal. *See United States v. Snow*, 748 F.2d 928, 930 (4th Cir. 1984).

4

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*